# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ATHIGE DENZIL DESILVA, § <br> Individually, As Heir at Law to the § <br> ESTATE OF DR. MAURIS § <br> DESILVA, and on behalf OF ALL § <br> WRONGFUL DEATH § <br> BENEFICIARIES, § <br>     *Plaintiff* § <br> § <br> **v.** § <br> § <br> CHRISTOPHER TAYLOR, § <br> KARL KRYCIA, and § <br> CITY OF AUSTIN, § <br>     *Defendants* § | Case No. 1:21-cv-00129-RP |

## **O R D E R**

Before the Court are Intervenor-Plaintiffs Aspen Dunaway and Dunaway Law Firm P.C.'s Motion to Intervene under Rule 24(a)(2), filed June 27, 2022 (Dkt. 38); Plaintiff's Response to Intervenor's Motion to Intervene with Supporting Authorities and Argument, field July 8, 2022 (Dkt. 40); and the Stipulation Between DeSilva and Dunaway Regarding Dunaway's Motion to Intervene, filed July 14, 2022 (Dkt. 42). By Text Order entered July 10, 2022, the District Court referred the motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.    General Background

On February 5, 2021, Plaintiff Athige Denzil DeSilva ("DeSilva"), individually and as heir to his deceased son Dr. Mauris DeSilva's estate, filed this civil rights lawsuit under 42 U.S.C. § 1983 against the City of Austin and Austin Police Department Officers Christopher Taylor and Karl Krycia. Plaintiff's Complaint, Dkt. 1. DeSilva alleges that Defendants Taylor and Krycia violated

his son's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that the City is liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), for failure to train and supervise its police officers. DeSilva seeks compensatory and punitive damages, as well as attorneys' fees and costs.

When DeSilva filed his Complaint, he was represented by Aspen Dunaway and Dunaway Law Firm P.C. (collectively, "Dunaway"). DeSilva, Dunaway, and the Law Office of Smith and Vinson ("LSV") had entered into a Power of Attorney, Contingent Fee Contract, and Addendum in connection with this lawsuit. Stipulation, Dkt. 42 at 2.

DeSilva sent Dunaway an email terminating its representation April 21, 2022. *Id.* On May 11, 2022, Dunaway, LSV, and DeSilva's new attorney, Lamar Treadwell, filed an Unopposed Motion to Substitute Counsel, explaining that DeSilva terminated Dunaway, DeSilva now is represented by Treadwell as attorney in charge and lead trial counsel, and LSV will continue to represent DeSilva as local co-counsel. Dkt. 29. By Text Order entered May 12, 2022, the District Court granted the Unopposed Motion to Substitute Counsel.

On June 27, 2022, Dunaway filed a Motion to Intervene Under Rule 24(a)(2) "in order to protect (and collect) its bargained-for contingent fee." Dkt. 38 at 2. DeSilva opposed the Motion to Intervene. Dkt. 40. After meeting and conferring, however, "DeSilva agreed not to contest Dunaway's intervention in this matter in exchange for Dunaway's agreement to a severance and abatement of (a) Dunaway's claims against DeSilva and (b) DeSilva's answer to those claims, until the Underlying Lawsuit is resolved by settlement or final judgment." Dkt. 42 at 3. Thereafter, the parties filed the instant Stipulation Between DeSilva and Dunaway Regarding Dunaway's Motion to Intervene. Dkt. 42.

## II.  Order

Pursuant to the parties' Stipulation, Dunaway's Motion to Intervene under Rule 24(a)(2) (Dkt. 38) is **GRANTED.**

The Court **ORDERS** the Clerk to **SEVER** Dunaway's claims in its Complaint in Intervention (Dkt. 35) and DeSilva's Response to those claims (Dkt. 40) into a new Cause Number and **ABATE** that case until the claims in this Underlying Lawsuit are resolved, whether by settlement or final judgment.

The Court **FURTHER ORDERS** that the following filings shall be transferred from the Underlying Lawsuit to the new severed cause:

a. Dunaway's Original Complaint in Intervention (Dkt. 35);

b. Dunaway's Rule 7.1 Disclosure Statement (Dkt. 36);

c. Dunaway's Motion to Intervene Under Rule 24(a)(2) (Dkt. 38); and

d. DeSilva's Response to Intervenor's Motion to Intervene (Dkt. 40).

The Court **FURTHER ORDERS** that this case is **REMOVED** from the Magistrate Court's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

**SIGNED** on September 22, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE